UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTOPHER FREDERICK,

                              Plaintiff,

                 -against-

SHERIFF M. SCHIFF, et al.,

                              Defendants.

**ORDER TO AMEND**

21-CV-1060 (PMH)

PHILIP M. HALPERN, United States District Judge:

Kristopher Frederick ("Plaintiff"), who is currently incarcerated in Greene Correctional Facility, brings this action under 42 U.S.C. § 1983, asserting conditions-of-confinement claims in connection with his incarceration at the Sullivan County Jail ("SCJ"). (Doc. 1, "Compl."). By Order dated March 31, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] (Doc. 5). For the reasons set forth below, the Court grants Plaintiff leave to file an Amended Complaint within sixty (60) days of the date of this Order.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act ("PLRA") requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits— to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff asserts that while he was detained at SCJ, twenty-one (21) staff members violated his constitutional rights. He sues Sheriff M. Schiff; Undersheriff E. Chaboty; Chief H. Smith; Captain J. Ginty; Lieutenant C. Bini; Sergeants B. Harrell, D. Votee, and C. Lynch; Corporals J.

Calangelo, P. Niosi, S. Matis, T. Compasso, N. Noble, and J. Wilcox; Deputies C. Fancher, D. Lawrence, and A. Martinez; Sheriff's Emergency Response Team ("S.E.R.T.") members J. Torres, C. Ruggiero, and A. Williams-Cunningham; and Nurse W. Altman. Plaintiff seeks money damages. (*See generally* Compl.).

Plaintiff alleges that on January 27, 2021, while he was housed in SCJ's disciplinary unit, jail staff brought him out to use the outdoor recreation pens several hours after a "severe ice storm." (*Id*. at 8). The temperature was "below freezing," and although the staff responsible knew that Plaintiff did not possess "weather appropriate footwear," they failed to take any "preventative measures" for his safety. (*Id*. at 8, 10). "[T]here was a large pile of ice and snow" in the recreation area, but "no form of carpet, runners, etc. with which [Plaintiff] could dry his feet, and no 'wet-floor' signs located anywhere" within his housing area. (*Id*. at 8, 10). As a result of the conditions, Plaintiff slipped and fell when coming inside, suffering a "severe back sprain." (*Id*. at 9-10).

When the staff responded, they grabbed Plaintiff "roughly and pulled him from a prone position[] to his feet and forced him to sit on a stool, despite [his] expressing his pain at this maneuvar [sic]." (*Id*. at 9). Plaintiff was then escorted to a local hospital's emergency room where he was diagnosed and given a prescription for pain medication and an order to follow-up with a specialist. (*Id*.). But the next morning, the jail staff "deliberately" failed to give Plaintiff the pain medication "subjecting him to further pain, suffering, and indignities." (*Id*.) That day, a staff member also entered the housing unit and placed several carpets inside the recreation pen's doors, where Plaintiff had fallen, and outside the housing area showers. (*Id*.). Plaintiff later made several requests to be seen by the medical staff, but the requests were ignored. (*Id*.).

## DISCUSSION

Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-

57 (1978). To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

In a § 1983 action, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege facts showing how each of the twenty-one persons named as Defendants was personally involved in the events underlying his claims. *See Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004) (quoting *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted"), *aff'd*, 396 F.3d 525 (2d Cir. 2005)).

The Court therefore grants Plaintiff leave to amend his Complaint to provide facts showing the direct and personal involvement of each individual named as a Defendant in the Complaint. Plaintiff must specifically state how each Defendant—including the supervisory officials such as the Sheriff and Undersheriff—was involved in the alleged failure to provide preventative measures for his safety in the recreation area, the response to his injury and transporting him to the hospital, and the denial of adequate medical care after his return from the hospital.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his Complaint as described above. In the "Statement of Claim" section of the Amended Complaint Form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each Defendant.[2] If Plaintiff has an address for any named Defendant, Plaintiff must provide it. Plaintiff should include all of the information in the Amended Complaint that Plaintiff wants the Court to consider in deciding whether the Amended Complaint states a claim for relief. That information should include:

a) the names and titles of all relevant persons;

b) a description of all relevant events, including what each Defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[2] If Plaintiff does not know the name of a Defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the Amended Complaint. For example, a Defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2020, at Sullivan County Jail, during the 7 am. to 3 p.m. shift." The naming of "John Doe" or "Jane Doe" Defendants, however, does *not* toll the three-year statute of limitations period governing claims under 42 U.S.C. § 1983, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe or Jane Doe" Defendants and amending his pleading to include the identity of any "John Doe" or "Jane Doe" Defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Essentially, Plaintiff's Amended Complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's Amended Complaint will completely replace, not supplement, the original Complaint, any facts or claims that Plaintiff wants to include from the original Complaint must be repeated in the Amended Complaint.

## CONCLUSION

Plaintiff is granted leave to file an Amended Complaint that complies with the standards set forth above. Plaintiff must submit the Amended Complaint to this Court's Pro Se Intake Unit within sixty (60) days of the date of this Order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-1060 (PMH). An Amended Civil Rights Complaint Form is attached to this Order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  May 26, 2021
       White Plains, New York

                                     PHILIP M. HALPERN
                            United States District Judge

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial            Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                          Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name _____ Last Name _____ Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City _____ State _____ Zip Code

Defendant 2:

First Name _____ Last Name _____ Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City _____ State _____ Zip Code

Defendant 3:

First Name _____ Last Name _____ Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City _____ State _____ Zip Code

Defendant 4:

First Name _____ Last Name _____ Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City _____ State _____ Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                            Plaintiff's Signature

_____
First Name                            Middle Initial            Last Name

_____
Prison Address

_____
County, City                                      State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____